[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10172
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00588-RS-EMT

STEPHANIE M. BLACKMON,

Plaintiff-Appellant,

versus

ESCAMBIA COUNTY SCHOOL BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 12, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Stephanie Blackmon appeals *pro se* the summary judgment in favor of the Escambia County School Board and against her claims under federal law, and the dismissal without prejudice of her claims under state law. Blackmon complained that the Board refused to rehire her because she was African-American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), and of her right to "make and enforce contracts," *id.* § 1981; the Board retaliated after she declined a particular bus route, *see id.* § 2000e-3; its employees conspired to "blackball" her as a school bus driver in interference with her civil rights, *see id.* §§ 1983, 1985; the Board harassed her; and the Board defamed and slandered her in violation of state law. The district court ruled that Blackmon failed to establish a prima facie case of discrimination; she failed to exhaust her claim of retaliation; she failed to present evidence that a custom or policy of the Board violated her civil rights; and a federal statute cited by her, 18 U.S.C. § 1514, provided no private right of action for harassment. The district court declined to exercise supplemental jurisdiction over Blackmon's remaining claims under state law. We affirm.

The district court did not err by entering summary judgment against Blackmon's complaint of discrimination. To establish a prima facie case under

2

Title VII and section 1981, Blackmon had to prove that she was a member of a protected class who applied for a position; she was qualified for the position sought; she was not hired; and the position remained unfilled or was filled with a person outside of her protected class. *See EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). Although Blackmon, an African-American, established that, in 2012, the Board twice refused to offer her positions as a school bus driver, she failed to establish that the Board filled the positions with drivers who were not African-American. *See Joe's Stone Crabs*, 296 F.3d at 1273. Moreover, even if we were to assume that Blackmon established a prima facie case, she failed to prove that the race-neutral reason given for refusing to hire her was a pretext for discrimination. Terry McKnight, an employee of the Board, testified that he refused to hire Blackmon because she had been "unreliable in the past." And Blackmon testified that she accepted driver's training from the Board in 2006, 2009, and 2011, after which she, respectively, declined the position offered to her; took sick leave and accepted a position with another employer without resigning or notifying the Board; and drove a few months and then refused to return telephone calls from the Board. Blackmon accused the Board of discrimination, but her "[s]peculation [did] not create a genuine issue of fact" about the reason she was not rehired, *see Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

3

The district court correctly entered summary judgment in favor of the Board and against Blackmon's complaint of retaliation.  Blackmon failed to mention retaliation in the charge that she filed with the Equal Employment Opportunity Commission, and that failure to exhaust was fatal to her complaint about retaliation.  *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) ("Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies.").  Furthermore, Blackmon failed to establish a prima facie case of retaliation because she failed to allege that her employment related to her participation in a protected activity.  *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).  Blackmon alleged that the Board retaliated against her because she refused to accept a bus route for a particular school, but her refusal to accept that route is not an activity protected under Title VII, *see* 42 U.S.C. § 2000e–3(a).

The district court also correctly entered summary judgment in favor of the Board and against Blackmon's complaints of conspiracy and harassment. Blackmon alleged that employees of the Board conspired to interfere with her civil rights, but she failed to present any evidence of a custom or policy of the Board that injured her, *see McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Board cannot held liable "solely because it employs a tortfeasor, that is, under a respondeat superior theory." *McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th

4

Cir. 1996) (citing *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036 (1978)).  And Blackmon alleged that employees harassed her in violation of a federal law, 18 U.S.C. § 1514, but that statute involves the issuance of orders to protect victims or witnesses in criminal proceedings.  The statute creates no private right of action.

The district court did not err when it declined to exercise supplemental jurisdiction over Blackmon's claims under state law.  A district court may decline to exercise supplemental jurisdiction over a claim after dismissing all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).  We "encourage[ ] district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

We **AFFIRM** the summary judgment in favor of the Board.