Andrew **PARHAM**, Plaintiff,

v.

**SEATTLE SERVICE BUREAU, INC.,**
**a foreign profit corporation,**
**Defendant.**

Case No: 8:15–cv–1627–T–17TBM

United States District Court,
M.D. Florida,
**Tampa Division.**

Signed 02/01/2016

Filed 02/02/2016

Frederick Wiley Vollrath, Frederick W. Vollrath, Attorney at Law, Tampa, FL, for Plaintiff.

Ernest H. Kohlmyer, III, Urban Thier & Federer, PA, Orlando, FL, for Defendant.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

ELIZABETH A. KOVACHEVICH,
UNITED STATES DISTRICT JUDGE

This cause came before the Court pursuant to the motion to dismiss and/or motion for judgment on the pleadings (Doc. No. 9) (the "**Motion**") filed by the Defendant, Seattle Service Bureau, Inc. d/b/a National Service Bureau (the "**Defendant**" or "**SSB**"), the response in opposition thereto (Doc. No. 12) (the "**Response**") filed by the Plaintiff, Andrew Parham (the "**Plaintiff**"), the notice of supplemental authority (Doc. No. 22) filed by the Defendant, and the response in opposition thereto (Doc. No. 23) filed by the Plaintiff. For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART.**

### I. Introduction

The primary issue raised by the Motion is whether a plaintiff can state a claim under the FDCPA and FCCPA (defined below) by alleging that the defendant attempted to collect a non-existent "subrogation" debt that purportedly arose as a result of an automobile accident. To state a claim under the FDCPA and FCCPA, the plaintiff must allege the existence of a consumer debt. In order to qualify as a consumer debt, the debt must arise as a result of a consensual transaction; not as a result of negligence. Nevertheless, under limited circumstances, it may be possible for a debt collector to convert a non-consumer debt to a consumer debt by making representations regarding the nature of the debt. Here, the Plaintiff alleges that the Defendant violated the FDCPA and FCCPA by attempting to collect a non-existent debt that purportedly arose as a result of an automobile accident. Since the Plaintiff alleges that the debt arose as a result of negligence, and not as a result of a consensual transaction, the Plaintiff fails to state a claim under the FDCPA and FCCPA. As a result, the Court will dismiss the Plaintiff's FDCPA and FCCPA claims with leave to amend. To the extent the Plaintiff is able to state a basis for federal jurisdiction in his amended complaint, the

Court will evaluate any state law claims that fall within the Court's supplemental jurisdiction. Otherwise, the Court will dismiss the Plaintiff's state law claims under 28 U.S.C. § 1367(c).

## II. Background

The Plaintiff commenced this case by filing a *Complaint for Damages and Incidental Relief* (Doc. No. 1) (the "**Complaint**") on July 10, 2015. Through the Complaint, the Plaintiff seeks damages and related relief for alleged violations of (i) 15 U.S.C. §§ 1692 *et seq.* (the "**Fair Debt Collection Practices Act**" or "**FDCPA**"); (ii) Section 555.72 of the Florida Statutes (the "**Florida Consumer Collection Practices Act**" or "**FCCPA**"), and (iii) Section 772.11 of the Florida Statutes ("**Civil Theft**"). The genesis of the parties' dispute was an automobile accident that occurred on January 10, 2013 involving a car owned by the Plaintiff. (Complaint, at ¶ 8). The Plaintiff alleges that following the accident, he began receiving letters and telephone calls from the Defendant attempting to collect on a purported $50,000.00 debt owed to State Farm Insurance Company for damage to the other driver's property. (Complaint, at ¶¶ 19–42). According to the Plaintiff, the alleged $50,000.00 debt does not exist, and instead was fabricated by State Farm and/or the Defendant. (Complaint, at ¶¶ 46–47). Since the alleged debt does not exist, the Plaintiff posits that the Defendant violated the FDCPA and FCCPA, and endeavored to commit Civil Theft by attempting to collect on the non-existent debt.

On October 5, 2015, the Defendant filed the Motion seeking dismissal of the Complaint and/or judgment on the pleadings. According to the Defendant, the alleged debt did not arise from a *consumer* transaction and, as a result, the Complaint fails to state a claim under the FDCPA and FCCPA. The Defendant also argues that the Plaintiff fails to state a claim for Civil Theft because the Plaintiff never paid funds to the Defendant. The Plaintiff filed the Response on October 16, 2015, arguing that the Complaint states a claim because allegations that the Defendant attempted to collect on a non-existent debt are sufficient to state a claim under the FDCPA and FCCPA. As to the Defendant's arguments regarding the claim for Civil Theft, the Plaintiff argues that the Defendant's *attempts* at collecting on the non-existent debt were sufficient to give rise to a claim for endeavoring to commit Civil Theft.

On January 14, 2016, the Defendant filed a copy of Judge Chappell's *Order* in *Schaefer v. Seattle Service Bureau, Inc., et al.*, Case No. 15–cv–444–FtM–38CM (Doc. No. 22) in support of its Motion. According to the Defendant, the *Schaefer* decision supports the relief requested in the Motion. The Plaintiff filed a response to the *Schaefer* case on January 27, 2016, in which he attempts to distinguish *Schaefer* on the basis that the existence of the debt in that case was not disputed. (Doc. No. 23).

## III. Legal Analysis

### A. Standard of Review

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6) ], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating whether a complaint meets the federal pleading standard, the Court is not required to "accept as true" any allegations that constitute legal conclusions. *Id.* Once the Court has

identified the plaintiff's well-pleaded factual allegations that do not constitute legal conclusions, the Court must determine whether those allegations "plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937. This, according to the Supreme Court, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Federal Rule of Civil Procedure 12(c), in turn, "permits a party to move for judgment on the pleadings." *Schaefer,* at *4. "In evaluating a motion for judgment on the pleadings, a court will accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id.* "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Id.* (internal quotations omitted).

**B. The Plaintiff has failed to state a claim under the FDCPA and FCCPA**

Until recently, the primary issue raised in the Motion may well have been one of first impression. However, in *Schaefer,* Judge Chappell held that a subrogation debt arising out of an automobile accident does not constitute a "transaction which would have created a consumer debt as required by the FCCPA." *Schaefer,* at *6. The *Schaefer* case bears many similarities to the case at hand, including that both cases were filed against the same Defendant, Seattle Service Bureau, Inc. Both cases also trace their origins to an automobile accident in which one of the drivers was insured by the State Farm Insurance Company. Moreover, in both cases, it appears that the Defendant was hired to collect a subrogation debt allegedly owed

to State Farm by the plaintiffs. In attempting to collect those alleged debts, the plaintiffs contended that the Defendant violated the FDCPA and FCCPA. Finally, in both cases, the Defendant filed motions to dismiss, contending that the plaintiffs failed to allege the existence of a "debt" under the FDCPA and FCCPA because the debts at issue did not arise out of a consumer transaction.

■ Whether the alleged debts at issue constitute "consumer debts" is critically important because, as Judge Chappell noted in the *Schaefer* case, "[t]o recover under both the FDCPA and the FCCPA ... a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt'" *Schaefer,* at *5 (quoting *Oppenheim v. I.C. System, Inc.,* 627 F.3d 833, 836–37 (11th Cir. 2010)). The term "debt," as it is used in the FDCPA

> means any obligation or alleged obligation of a *consumer* to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes,* whether or not such obligation has been reduced to judgment.

*Id.* at *6 (emphasis added). Stated more concisely, "the FDCPA and the FCCPA apply only to payment obligations of a (1) *consumer* debt arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes.*" *Id.* (quoting *Elmore v. Ne. Fla. Credit Bureau, Inc.,* 2011 WL 4480419, at *1 (M.D. Fla. Sept. 27, 2011) (emphasis in original)).

In considering whether the plaintiff in *Schaefer* stated a claim under the FDCPA/FCCPA, Judge Chappell focused on the requirement that a transaction "must involve some kind of business dealing or

other consensual obligation." *Id.* To that end, Judge Chappell concluded that an obligation based on tortious or negligent conduct does not arise out of a "transaction" and, as a result, does not constitute a "debt" under the FDCPA or FCCPA. *Id.* Since the debt at issue in *Schaefer* arose out of an automobile accident in which the plaintiff was negligent, the debt that the Defendant was attempting to collect did not fall within the scope of the FDCPA. *Id.* Accordingly, Judge Chappell dismissed the plaintiff's FDCPA and FCCPA claims with prejudice. *Id.* at *15.

Recognizing the significance of *Schaefer*, the Plaintiff seeks to distinguish Judge Chappell's ruling on the basis that unlike the debt at issue in *Schaefer*, the obligation in this case was *completely fabricated* by the Defendant. This, according to the Plaintiff, is a critical distinction because several courts have held that a debt collector can be held liable under the FDCPA for attempting to collect a non-existent or fabricated debt. *See, e.g., Baker v. G.C. Servs., Corp.*, 677 F.2d 775, 776 (9th Cir. 1982) (stating that the FDCPA "is designed to protect consumers who have been victimized by unscrupulous debt collectors, *regardless of whether a valid debt actually exists*") (emphasis added).

In considering the Plaintiff's argument, the case of *Antoine v. State Farm Mut. Automobile Ins. Co.* is particularly instructive. In *Antoine*, much like in the case at hand, the plaintiff alleged that she was subjected to collection efforts regarding a debt she did not owe. 662 F.Supp.2d 1318, 1321 (M.D. Fla. 2009).[1] The plaintiff, Kim Austin Antoine, contended that she had nothing to do with the accident, which was caused by another woman named Kim Austin. Nevertheless, Ms. Antoine's name apparently found its way into State Farm's

judgment, so State Farm erroneously hired a debt collector to attempt to collect the alleged debt from Ms. Antoine. *Id.* The plaintiff responded to State Farm's attempts to collect the debt by suing for violations of the FDCPA and FCCPA, among other causes of action. Judge Melton dismissed the FDCPA and FCCPA claims with prejudice because the "civil judgment which create[d] the debt resulted from a tort, a motor vehicle accident." *Id.* at 1326. As a result, the alleged debt owed by Antoine did "not result from a transaction, that is, a business dealing or some other consensual obligation, but from tortious conduct and so does not constitute a consumer transaction" protected by the FDCPA. *Id.*

■ Here, much like in *Antoine*, the Plaintiff alleges that the Defendant violated the FDCPA and FCCPA by attempting to collect a debt he does not owe. While the Court is sympathetic to the Plaintiff's frustrations in being subjected to unwarranted collection efforts, the alleged debt, whether it exists or not, is traceable to an automobile accident; not to a consensual transaction. Absent being able to link the debt at issue to a consensual transaction, real or fabricated, the Plaintiff fails to state a claim under the FDCPA and FCCPA.

In making this ruling, the Court has specifically considered the case of *Morgovsky v. Creditors' Collection Serv. of San Francisco* cited to by the Plaintiff in his Response. In *Morgovsky*, the plaintiff sought damages for violations of the FDCPA and Fair Credit Reporting Act (the **"FCRA"**) based on allegations that the defendant falsely represented that a business debt was in fact a consumer debt. 19 F.3d 28, at *1–2 (9th Cir. 1993). The

---

1. Oddly enough, the alleged debt in that case also arose as a result of a car accident in which one of the drivers was insured by State Farm. *Id.*

Ninth Circuit held that even though the debt was business-related, the defendant's representation that that the debt was in fact a consumer debt brought the alleged debt within the scope of the FDCPA. This is because "[t]he term 'debt,' as it appears in both the FDCPA and the FCRA, 'means any obligation *or alleged obligation* of a consumer to pay money arising out of a [consumer] transaction." *Id.* Stated differently, even though the actual obligation in *Morgovsky* was a business-debt, the false representation of that debt as a consumer debt was sufficient to convert it into an "alleged [consumer] debt" under the FDCPA. Here, the Complaint does not contain any well-pleaded allegation the Defendant somehow converted the alleged debt into an alleged consumer debt by representing it as such to the Plaintiff. Rather, the Complaint alleges that the Defendant fabricated the existence of a debt that it claimed arose out of an automobile accident. Since any such debt, real or fabricated, did not arise out of a "transaction" under the FDCPA or FCCPA, the Complaint fails to state a claim.

Having determined that the Complaint fails to state a claim under the FDCPA and FCCPA, the Court must decide whether to grant the Plaintiff leave to file an amended complaint. Having considered the parties' arguments, the Court believes it is unlikely that the Plaintiff can state a claim under the FDCPA or FCCPA. Nevertheless, the Court will grant the Plaintiff one opportunity to file an amended complaint consistent with the terms of this order. To be clear, the Plaintiff cannot simply rely on his argument that the Defendant fabricated the alleged debt to state a claim under the FDCPA or FCCPA. Rather, the Plaintiff must allege facts demonstrating that the alleged debt arose as a result of a consumer transaction, or was otherwise converted into a consumer debt by some action of the Defendant.

## C. The Court will decline from exercising jurisdiction over the Civil Theft claim under 28 U.S.C. § 1367(c).

Section 1367(c) of title 28 of the United States Code provides that a "district court may decline to exercise supplemental jurisdiction over a [state law claim] if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (2012). According to the United States Supreme Court in *United Mine Workers of America v. Gibbs*, if "federal claims are dismissed before trial... the state claims should be dismissed as well." 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Eleventh Circuit has followed *Gibbs*, noting that "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999). In fact, in a recent case, the Eleventh Circuit expressly held that "[w]e encourage district courts to dismiss any remaining state law claims when, as here, the federal claims have been dismissed prior to trial." *Blackmon v. Escambia Cty. Sch. Bd.*, 568 Fed.Appx. 848, 850 (11th Cir. 2014).

■ Applying the foregoing principles to this case, it is clear that the Court should refrain from exercising supplemental jurisdiction over the Plaintiff's remaining state law claim. This case has not yet progressed beyond the pleadings' stage, and given that there are no pending federal claims, a state tribunal is better equipped to resolve any remaining issues between the parties. Accordingly, to the extent that the Plaintiff fails to plead a basis for federal jurisdiction in his amended complaint, the Court will dismiss the Plaintiff's remaining state claims under 28 U.S.C. § 1367(c).

## IV. Conclusion

Accordingly, it is

**ORDERED** that the Motion is **GRANTED IN PART,** as to the Defendant's motion to dismiss the FDCPA and FCCPA claims, and **DENIED IN PART,** as to the Defendant's motion for judgment on the pleadings. The Plaintiff's FDCPA and FCCPA claims are **DISMISSED WITHOUT PREJUDICE.** The Plaintiff is granted 30 days' leave to attempt to file an amended complaint that states a claim under the FDCPA, FCCPA, or any other state or federal cause of action. If the Plaintiff succeeds in establishing a basis for federal jurisdiction, the Court will consider the parties' arguments as to the Plaintiff's state law claims. Otherwise, the Court will dismiss the Plaintiff's state law claims under 28 U.S.C. § 1367(c).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 1st day of February, 2016.