PER CURIAM.
Dr. Mark Feldman appeals from a final summary judgment in favor of defendants. We affirm.
The facts of this case are stated in Feldman v. Glucroft, 522 So.2d 798, 800 (Fla.1988), in which the Florida Supreme Court held that section 768.40, Florida Statutes (1983), “allows a defamation action against a committee member or health care provider when the plaintiff can establish extrinsic evidence of malice or fraud.” The court directed that the district court of appeal “remand this cause to the trial court with directions that the plaintiff be allowed to file an amended complaint under the principles and restrictions expressed in this opinion.” Feldman, 522 So.2d at 800. On remand, Feldman filed an amended complaint realleging the defamation count and alleging additional causes of action arising from the same set of facts. The trial court granted summary judgment in favor of defendants as to the additional counts. Defendants filed a subsequent motion for summary judgment on the defamation count, contending that Feldman failed to allege extrinsic evidence of malice or fraud. The trial court entered final judgment in favor of defendants. Feldman filed an appeal.
The record supports the trial court’s determination that the amended complaint did not allege extrinsic evidence of malice or fraud. The complaint states that “[t]he fact that the Defendants ... opposed granting medical staff privileges to the Plaintiff without good cause arbitrarily and capriciously in the first instance and later curtailed the Plaintiff’s privilege to perform the celastic implant procedure arbitrarily and capriciously and without good cause is extrinsic evidence of malice toward the Plaintiff_” (Emphasis supplied). However, those allegations establish defendants’ opposition to and curtailment of Feldman’s hospital privileges only in privileged peer review committee proceedings where “[t]he shield of confidentiality protects what is presented or spoken to the committee at its meetings.” Feld-man, 522 So.2d at 801. Feldman failed to allege the existence of the requisite extrinsic evidence to overcome the statutory privilege afforded defendants. § 768.40, Fla. Stat. (1983). The documents attached to the amended complaint were either privileged committee documents or did not demonstrate malice or fraud. Defendants were therefore entitled to judgment as a matter of law.
As to the additional counts, the trial court correctly found that such counts were outside the supreme court mandate. The supreme court determined that “the summary judgment should be vacated to allow the plaintiff an opportunity to allege extrinsic malice or fraud,” and that the *868 amended complaint may be filed “under the principles and restrictions expressed in this opinion.” Feldman, 522 So.2d at 801. The amended complaint did not adhere to the supreme court mandate. Thus, the trial court did not err in entering summary judgment on the additional counts.
Appellant’s remaining points lack merit.
Affirmed.