663 So.2d 1356 (1995)
Ashok Kumar DHADUVAI, M.D., Appellant,
v.
Alphonso A. BELSITO, M.D., Appellee.
No. 94-04047.
District Court of Appeal of Florida, Second District.
November 17, 1995.
Rehearing Denied December 14, 1995.
Daniel Joy of Joy & Moran, Sarasota, for Appellant.
Nancy W. Gregoire, Barry A. Mandelkorn, and Cary A. Lubetsky of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for Appellee.
ALTENBERND, Judge.
Dr. Dhaduvai appeals an order dismissing with prejudice his amended complaint against Dr. Belsito. Under the requirements explained in Feldman v. Glucroft, 522 So.2d 798 (Fla. 1988), we conclude that Dr. Dhaduvai was required to allege extrinsic fraud or bad faith. Because his amended complaint does not do so, we affirm this dismissal. We write to recognize the possibility that we may misunderstand the rule announced in Feldman.
Dr. Dhaduvai was denied staff privileges at HCA L.W. Blake Memorial Hospital in 1992. He alleges that the hospital board denied him privileges because of false statements made by Dr. Belsito. He claims that Dr. Belsito's statements were motivated by racial and economic reasons. He seeks damages from Dr. Belsito. The relevant allegations *1357 of the amended complaint are attached to this opinion as Appendix A.
Section 395.011(8), Florida Statutes (1991), now codified as section 395.0191(7), Florida Statutes (1993), precludes any liability on the part of, or any cause of action against, a witness involved in a determination of staff privileges "for any action taken in good faith and without intentional fraud." This statutory limitation on existing common law causes of action is buttressed by a limitation on discoverable and admissible evidence in section 395.0191(8).[1] These provisions are comparable to those for medical review committees found in section 766.101, Florida Statutes (1993). Both sections 395.0191 and 766.101 were created by chapter 85-175, Laws of Florida. Although Feldman involved a medical review committee, we conclude that the holding in Feldman also applies to board determinations of staff privileges.
In answering two certified questions in Feldman, the supreme court held that the statutory limitation involved did not "preclude a plaintiff from presenting extrinsic evidence of malice or fraud." 522 So.2d at 801.[2] The supreme court ruled that the plaintiff should have another opportunity "to allege extrinsic malice or fraud." Id. Thereafter, the plaintiff filed an amended complaint that was quite similar to Dr. Dhaduvai's complaint in this case. The Third District affirmed the trial court's decision that the amended complaint failed to allege the necessary extrinsic evidence. The supreme court denied review in that case. Feldman v. Glucroft, 580 So.2d 866 (Fla. 3d DCA), 591 So.2d 181 (Fla. 1991), cert. denied, 503 U.S. 960, 112 S.Ct. 1560, 118 L.Ed.2d 208 (1992).
If we read the holding in Feldman correctly, it places a burden on the plaintiff to plead extrinsic evidence before authorizing a lawsuit in which such evidence could be discovered. The appended allegations do not fulfill this high standard. Normally, the rules permit a plaintiff to plead a short and plain statement of ultimate facts and then discover the evidentiary facts. Fla.R.Civ.P. 1.110(b). Even fraud must be pleaded only with the particularity that the circumstances permit. Fla.R.Civ.P. 1.120(b). If Feldman permitted us to apply these rules in this case, we would hold that the complaint, although terse, contains a short and plain statement of the cause of action permitted under section 395.011, Florida Statutes (1991), and would remand for limited discovery to determine whether extrinsic evidence exists to support those allegations. We conclude, however, that Feldman does not give us this option.
Affirmed.
FRANK, A.C.J., and LAZZARA, J., concur.

APPENDIX A

FIRST AMENDED COMPLAINT
Plaintiff, Ashok Kumar Dhaduvai, M.D., by and through his undersigned attorneys, sues Defendant, Alphonso A. Belsito, M.D., and alleges:

COUNT 1
1. This is an action for damages in excess of $15,000.00.
2. Defendant is, to the belief and information of the Plaintiff, a resident of Manatee County, Florida.
3. The Plaintiff had staff privileges at Manatee Memorial Hospital, which allowed *1358 him to practice, admit, and attend patients at the Hospital in the specialties of gastroenterology and internal medicine. Plaintiff is a Board Certified Gastroenterologist who practices in Manatee County from an office in Ellenton.
4. Defendant had served as a preceptor for the Plaintiff at Manatee Memorial Hospital, who observed the Plaintiff perform one invasive procedure, an E.R.C.P.
5. On or about January 28, 1992, Plaintiff applied for medical staff privileges at HCA L.W. Blake Hospital in Bradenton, Florida.
6. During the course of Blake Hospital's investigation of the Plaintiff and a review of his application for privileges, Defendant interfered with Plaintiff's right to a fair review when he falsely informed Blake Hospital and the personnel reviewing the Plaintiff's application that the Plaintiff had poor professional judgment, poor ethics, poor proficiency and skill, and a poor ability to work with others.
7. While Defendant was not directly involved in the review, his characterization of the Plaintiff carried great weight because at the time the Defendant was Chief of the Medical Staff at Blake Hospital.
8. The Defendant was aware that Plaintiff had applied for privileges to practice at the Blake Hospital.
9. The statements made by the Defendant were made in bad faith, motivated by an interest in reducing competition among independent gastroenterologists, and, to the belief and information of the Plaintiff, for racially motivated reasons, inasmuch as the statements were made with a reckless and wanton disregard for their accuracy, as the Defendant had insufficient information to form a judgment that the Plaintiff, a Board Certified physician in gastroenterology, had poor professional judgment, poor ethics, poor proficiency and skill, and an inability to work with others.
10. Defendant had inadequate opportunity to observe the Plaintiff to form the information published or make the accusations described in ¶ 9. At one medical procedure the Defendant observed the Plaintiff performing, a difference of opinion developed between the Plaintiff and the Defendant as a certain medical condition. Defendant became exasperated that the Plaintiff would not accept the Defendant's conclusions as fact. From that point on, the Defendant sought to retaliate by reporting and circulating false information about the Plaintiff's medical ability and experience.
11. Plaintiff has performed dozens of similar procedures without complication or misadventure.
12. As a direct and proximate result of the Defendant's false and misleading reports to the Blake Hospital personnel reviewing the application of the Plaintiff, the Plaintiff's application was turned down. To the belief and information of the Plaintiff, the only basis for Blake Hospital's rejection of Plaintiff's application was the mischievous report given by the Defendant regarding the Plaintiff's professional capabilities.
13. As a direct and proximate result of the Defendant's false reports, the Plaintiff has been damaged by the loss of the economic opportunity associated with membership on the staff at Blake Hospital and a loss of reputation, as the denial of the Plaintiff's application has been reported to the National Databank on the status of physicians.
WHEREFORE, Plaintiff, Ashok Kumar Dhaduvai, M.D., demands judgment against the Defendant, Alphonso A. Belsito, M.D., for damages and for such other and further relief as is appropriate in the premises.

COUNT 2
14. Plaintiff incorporates by reference the allegations of fact contained in ¶ s 1 through 3 and realleges the facts stated therein as if they appeared here fully.
15. Defendant falsely published to persons at Blake Hospital that Plaintiff was an incompetent physician having poor professional judgment, poor ethics, poor proficiency, and inadequate skill and an inability to work with others.
16. The statements made by the Defendant were made in bad faith inasmuch as the Defendant had insufficient information about the Plaintiff's medical capabilities and ethical *1359 standards, as he knew little of the Plaintiff on the stated matters.
17. Defendant had had an inadequate opportunity to observe the Plaintiff to support the accusations described herein. Defendant had observed the Plaintiff in two medical procedures only. In one, a difference of diagnostic opinion developed between the Plaintiff and the Defendant with regard to a diagnosis. When Plaintiff declined to accede to Defendant's judgment, Defendant became exasperated over the fact that the Plaintiff would not accept the Defendant's conclusions as fact without further diagnostic procedures.
18. Thereafter, the Defendant sought to retaliate by reporting and circulating false information about the Plaintiff's medical ability and experience to persons at Blake and to others within the medical community in Manatee County.
19. Plaintiff has performed dozens of similar diagnostic procedures without complication or misadventure.
20. As a direct and proximate result of the Defendant's false reports to the Blake Hospital personnel reviewing the application of the Plaintiff, and to others in the medical community in Manatee County, Plaintiff has been damaged by the loss of reputation, the loss of economic opportunity associated with membership on the staff at Blake, and with a loss of reputation, as the denial of the Plaintiff's application has been reported to the national data bank on the status of physicians practicing in the United States.
WHEREFORE, Plaintiff, Ashok Kumar Dhaduvai, M.D., demands judgment against the Defendant, Alphonso A. Belsito, M.D., for damages and for such other and further relief as is appropriate in the premises.
NOTES
[1] That statute provides: "The investigations, proceedings, and records of the board ... [are not] subject to discovery or introduction into evidence in any civil action against a provider of professional health services arising out of matters which are the subject of evaluation and review by such board... ." § 395.0191(8), Fla. Stat. (1993).
[2] The statute states that immunity exists for actions "taken in good faith and without intentional fraud." For purposes of this opinion, we assume without deciding that a complaint would be sufficient if it contained allegations of extrinsic evidence of either a lack of good faith or intentional fraud. We also assume without deciding that "actions" include not only the board's action on the doctor's application but also the actions of the witnesses and other participants in the process.