[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12986
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80610-KAM

JOHNNIE M. HAYES,
PRISCILLA Y. DAVIS,

Plaintiffs-Appellants,

versus

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Structured Asset Investment Loan Trust
Mortgage Pass-Through Certificates Series 2006-2,
JP MORGAN CHASE, N.A.,
OCWEN LOAN SERVICING LLC,
CHASE FULFILLMENT CENTER,
ROBERTSON, ANSCHUTZ & SCHNEID P.I., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 21, 2016)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Johnnie Hayes and Priscilla Davis, proceeding *pro se*, appeal the district court's dismissal of their civil lawsuit broadly related to the foreclosure of their home. After careful review, we affirm.

**I**.

Hayes and Davis obtained a mortgage loan for their house from BNC Mortgage, Inc. ("BNC"), in 2006. Eventually the mortgage was sold or assigned to U.S. Bank National Association ("U.S. Bank"), which filed a complaint to foreclose on the house in Florida state court in August 2009. A final judgment in favor of U.S. Bank in the foreclosure action appears to have been entered in May 2013, and Hayes and Davis were evicted from the property shortly thereafter. One of the defendants purchased the property in June 2013.

On June 14, 2013, Hayes and Davis filed the instant action in federal court and later filed the operative first amended complaint naming a total of eleven defendants. Among other allegations, Hayes and Davis alleged that they had not been notified of the assignment of their mortgage or given proof of such assignment, that several defendants had failed to respond to their qualified written requests for validation of their mortgage debt, and that U.S. Bank had foreclosed on their home without authority to do so.

2

Hayes and Davis alleged that the defendants had violated the following federal and state statutes:   (1) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), by failing to properly respond to their "qualified written requests"; (2) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g), by failing to provide notice of their status as creditors; (3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, based on actions taken in attempting to collect the mortgage debt from the plaintiffs; and (4) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.715 and 559.72, by failing to provide notice of assignment and by attempting to collect a non-legitimate debt.  Various defendants moved to dismiss the complaint.

The district court dismissed the first amended complaint, pursuant to Rule 12(b)(6), Fed. R. Civ. P., concluding that Hayes and Davis had failed to state a claim upon which relief could be granted.  Specifically, the court determined that Hayes and Davis's RESPA claim failed because they did not plead details about the content of their "qualified written requests" or allege actual or statutory damages.  The court further determined that their RESPA claim against U.S. Bank failed for the additional reason that the statute applied to loan servicers only, and U.S. Bank was the owner of the debt, not the servicer.  The court granted Hayes and Davis leave to amend the RESPA claim as to Ocwen Loan Servicing ("Ocwen").

The district court determined that Hayes and Davis's TILA claim against JP Morgan Chase N.A. failed because TILA did not impose liability on servicers, and they alleged that JP Morgan was a servicer. The court further concluded that their TILA claim against U.S. Bank failed because the claim was time barred. *See* 15 U.S.C. § 1640(e) (claims must be brought within one year of the date of the occurrence of the violation). Finding that amendment of their TILA claim would be futile, the court dismissed it without leave to amend.

The district court next concluded that Hayes and Davis's FDCPA claim failed because they did not adequately allege that Ocwen and U.S. Bank were "debt collectors" within the meaning of the act. The court also noted that the complaint contained only paraphrasing of the statutory language without factual support. Accordingly, the court dismissed the FDCPA claim with leave to amend. The court also rejected Hayes and Davis's FCCPA claim because one of the statutory sections they relied on, Fla. Stat. § 559.715, did not provide a private right of action, and their other allegations were mere recitations of statutory language unsupported by facts.

Finally, the district court noted that the first amended complaint was a classic "shotgun pleading," warning Hayes and Davis that any future complaint must contain "a short and plain statement of the claims," pursuant to Rule 8 of the Federal Rules of Civil Procedure.

4

In its dismissal order, the district court granted the plaintiffs leave to amend their complaint by July 21, 2014.  On July 23 or 24, 2014, Hayes and Davis filed a second amended complaint.  Then, without leave of court, the plaintiffs filed a third amended complaint on October 16, 2014.  Both proposed amendments were opposed by defendants.

On April 14, 2015, the district court issued an order closing the case for lack of jurisdiction.  The court concluded that it was powerless to assert jurisdiction over their second and third amended complaints because Hayes and Davis failed to timely amend their complaint by July 21, 2014, making the court's dismissal order final.  After the court entered a final judgment dismissing the action, Hayes and Davis brought this appeal.

## II.

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Reese v. Ellis, Painter, Ratteree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).  To survive a motion to dismiss, the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).  In essence, the complaint must "contain enough facts to state a claim to relief that is plausible on

5

its face." *Id.* at 570, 127 S. Ct. at 1974; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

We liberally construe the pleadings and briefs of *pro se* parties. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Even though we read *pro se* filings liberally, however, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson*, 518 F.3d at 874. An issue may be deemed abandoned where a party fails to address an issue on appeal or only mentions it in passing, without providing substantive argument in support. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-82 (11th Cir. 2014) (describing the various ways in which appellate abandonment can occur). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id.* at 680.

Hayes and Davis present three main arguments on appeal, all of which generally relate to the district court's alleged failure to require the defendants to present evidence showing that they had authority to collect on the mortgage debt and then foreclose on the house. First, they argue, the district court violated their constitutional rights under the Contracts Clause of Article I, Section 10, and the

6

Due Process Clause of the Fifth Amendment, by failing to demand that the defendants produce a contract or assignment showing the existence of a bona fide obligation. Second, they contend, the court violated Rules 1002 and 1003 of the Federal Rules of Evidence when it did not demand that the defendants produce evidence showing the validity of their claims to the mortgage debt. Third, they assert, the court erred in failing to require the defendants to show both that they sent notice to the appellants within 30 days of assignment, pursuant to Fla. Stat. § 559.715, and that they sent an initial communication to Hayes and Davis containing the information required by the FDCPA under 15 U.S.C. § 1692g(a). Hayes and Davis also contend that they properly supported their FDCPA, FCCPA, and RESPA causes of action in their verified second amended complaint and that the defendants do not qualify for the "bona fide error" defense, which is an affirmative defense from liability under the FDCPA. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1271 (11th Cir. 2011); *see* 15 U.S.C. § 1692k(c).

After careful review of the district court's dismissal order and Hayes and Davis's appellate brief, we affirm the district court's dismissal of Hayes and Davis's lawsuit. Most of Hayes and Davis's arguments on appeal misunderstand the nature of the district court's order, and Hayes and Davis otherwise fail to challenge the bases of the district court's dismissal of their claims.

In evaluating whether a complaint should be dismissed under Rule 12(b)(6) for failure to state a claim, "[a] court is generally limited to reviewing what is within the four corners of the complaint." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *see Day v. Taylor,* 400 F.3d 1272, 1275-76 (11th Cir. 2005) (stating that a judge generally may not consider materials outside of the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment). The question is whether the allegations in the complaint, accepted as true, state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. That means, in this case, that Hayes and Davis bore the burden of alleging sufficient facts that would allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. For reasons explained more fully above, the district court concluded that Hayes and Davis's factual allegations were insufficient. The court did not err in failing to require the defendants to produce evidence in support of their actions because evidence outside the complaint, including proof of an affirmative defense, would only become relevant had Hayes and Davis stated a plausible claim. Accordingly, the district court properly limited its review to the allegations in Hayes and Davis's complaint.

Moreover, even liberally construing their appellate brief, Hayes and Davis have not presented any challenge to the specific reasons given by the district court

for dismissing each of their claims or for not accepting their second and third amended complaints.  Although Hayes and Davis assert that they cured their FDCPA, FCCPA, and RESPA claims, they do not challenge the reasons given by the court for dismissing those claims, nor do they challenge the reason given by the district court for rejecting their untimely filed second or third amended complaints. Because Hayes and Davis have not challenged properly "the grounds on which the district court based its judgment," they have abandoned their challenge to those grounds.  *See Sapuppo*, 739 F.3d at 680.  Accordingly, "the judgment is due to be affirmed." *Id.*

   **AFFIRMED.**