GROSS, J.,
dissenting.
I would grant the petition for writ of prohibition.
In a prior lawsuit against the petitioner hospital, the trial judge granted a temporary injunction and compared the hospital’s procedures on confidentiality for peer review and credentialing records to those of the “Taliban.” This court reversed the injunction. Lawnwood Med. Ctr., Inc. v. Desai 54 So.3d 1027, 1028 (Fla. 4th DCA 2011). On remand, the trial judge recused himself because he did not believe that he could “be fair and impartial in deciding the current issues in this case given the reversal of this judge’s prior order” and the judge’s “fixed opinions that have developed as a result of extensive testimony and other litigation that' has developed around the issues present in this case.”
The “Taliban” comment is at least as incendiary as comparing a former tobacco CEO to a Nazi war criminal. See Philip Morris USA, Inc. v. Brown, 96 So.3d 468, 470 (Fla. 1st DCA 2012). The motion to recuse was legally sufficient because it alleged facts that “would place a reasonably prudent person in féar of not receiving a fair and impartial trial.” MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1335 (Fla.1990) (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). The fear is not rendered unreasonable because the current lawsuit involves an alleged breach of the bylaws and the former case concerned the confidentiality of pe.er review and credentialing. .