ROY B. DALTON JR., United States District Judge
Before the Court is Defendant North Brevard County Hospital District's ("PMC ") Motion to Dismiss Plaintiffs' Complaint. (Doc. 19 ("MTD ").) Plaintiffs oppose. (Doc. 36.) On review, the Motion is due to be denied.
I. BACKGROUND
Plaintiffs are seven Florida-based oncologists who practice in Brevard County, *1159 Florida. (Doc. 1, ¶ 2.) They were members of the medical staff at PMC, the only public hospital serving northern Brevard County, until PMC denied Plaintiffs' applications for reappointment of their medical privileges ("Denial "). (Id. ¶¶ 1-4.) Thereafter, Plaintiffs initiated this action, claiming: (1) under 42 U.S.C. § 1983, the Denial violates their Fourteenth Amendment right to procedural due process (id. ¶¶ 46-58 ("PDP Claim ") ); and (2) under Florida law, the Denial constitutes a breach of PMC's Bylaws (id. ¶¶ 59-67 ("Bylaws Claim ") ). Plaintiffs seek injunctive relief and damages (id. ¶¶ 46-58), and separately moved for a preliminary injunction to, inter alia , reinstate their medical privileges (Doc. 5 ("PI Motion ") ). After full briefing and a hearing for the PI Motion (Docs. 5, 32, 33, 35, 39, 40), the Court granted it in part (see Doc. 42 ("PI Order ") ). Left standing was PMC's MTD, which seeks dismissal of Plaintiffs' Complaint under Rule 12(b)(6). (Doc. 19.) With Plaintiffs' Response (Doc. 36), the matter is ripe.
II. LEGAL STANDARDS
Under the minimum pleading requirements of the Federal Rules of Civil Procedure, plaintiffs must provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. See Fed. R. Civ. P. 8(a), 8(d), & 10(b). If a complaint does not comport with these minimum pleading requirements, if it is plainly barred, or if it otherwise fails to set forth a plausible claim, then it is subject to dismissal under Rule 12(b)(6). See Ashcroft v. Iqbal , 556 U.S. 662, 672, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly , 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ).
Plausible claims must be founded on sufficient "factual content" to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Iqbal , 556 U.S. at 679, 129 S.Ct. 1937. In assessing the sufficiency of factual content and the plausibility of a claim, courts draw on their "judicial experience and common sense" in considering: (1) the exhibits attached to the complaint; (2) matters that are subject to judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. See id. ; Reese v. Ellis, Painter, Ratterree & Adams, LLP , 678 F.3d 1211, 1215-16 (11th Cir. 2012) ; Parham v. Seattle Serv. Bureau, Inc. , 224 F.Supp.3d 1268, 1271 (M.D. Fla. 2016). Courts do not consider other matters outside the four corners of the complaint, and they must: (1) disregard conclusory allegations, bald legal assertions, and formulaic recitation of the elements of a claim; (2) accept the truth of well-pled factual allegations; and (3) view well-pled facts in the light most favorable to the plaintiff. See Hayes v. U.S. Bank Nat'l Ass'n , 648 F. App'x 883, 887 (11th Cir. 2016) ;[1] Horsley v. Feldt , 304 F.3d 1125, 1134 (11th Cir. 2002).
III. DISCUSSION
A. PDP Claim
First, PMC argues that Plaintiffs' PDP Claim fails because Plaintiffs do not have a constitutional or contractual right to a review of PMC's business decision to not renew Plaintiffs' medical privileges. (Doc. 19, pp. 1, 9-13.) On review, the Court disagrees.
The Fourteenth Amendment's Due Process Clause provides that a state shall not "deprive any person of life, liberty, or *1160 property, without due process of law." U.S. Const. Amend. XIV, § 1. "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-adequate process." J.R. v. Hansen , 736 F.3d 959, 965 (11th Cir. 2013) (quoting Grayden v. Rhodes , 345 F.3d 1225, 1232 (11th Cir. 2003) ) (alteration in original).
PMC's Motion focuses on the first element: whether Plaintiffs had a constitutionally protected property interest in reappointment. (Doc. 19, pp. 9-13.) Plaintiffs allege they "have a constitutionally-protected property interest in their medical staff privileges at PMC where, as here, the Bylaws detail an extensive procedure [PMC] must follow before [Plaintiffs'] application for reappointment to the medical staff and medical staff privileges at PMC may be denied." (Doc. 1, ¶ 47; see also Doc. 1-2, pp. 31-34 (PMC Bylaws procedure for reappointing medical privileges).) With this, Plaintiffs meet the first element, as "well-established precedent in this circuit ... recognizes a physician's medical staff privileges as a property interest protected by the fourteenth amendment," where, as here, "the medical staff bylaws establish specific standards and procedures to be applied when considering the suspension, denial, or revocation of the staff privileges of any member." See Shahawy v. Harrison , 875 F.2d 1529, 1532 (11th Cir. 1989) (discussing Northeast Georgia Radiological Associates v. Tidwell , 670 F.2d 507, 511 (5th Cir. 1982)[2] and citing other cases). Accordingly, the Court rejects PMC's argument that Plaintiffs have no constitutionally-protected property interest in reappointment of their medical privileges.
Next, PMC argues that adequate procedures were offered to Plaintiffs, who rejected them.[3] (Doc. 19, pp. 19-20.) The procedures offered were: (1) an interview with an Ad Hoc Committee of the Board; and (2) appellate review by the Board-both post-termination. (Doc. 1-4; see also Doc. 1, ¶¶ 31-33.) But PMC denied Plaintiffs' request for a hearing in conformity with the Bylaws (Doc. 1, ¶¶ 32-33)-such a hearing is pre-termination and entails a full panoply of procedural protections (see Doc. 1-2, pp. 47-52 (PMC Bylaws describing hearing process) ). Again, looking at Shahawy and its progeny, the Court finds sufficient Plaintiffs' allegations that PMC deprived them of constitutionally-adequate process. See 875 F.2d at 1533 ("A fundamental principle of procedural due process is that a person be given a pre-termination hearing prior to being deprived of any significant property interest.") (citing Boddie v. Connecticut , 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) ). Thus, Plaintiffs have stated a plausible PDP claim, and PMC's Motion is due to be denied on this ground.
B. Bylaws Claim
PMC argues the Bylaws Claim must be dismissed because: (1) the Denial did not breach the Bylaws; (2) Plaintiffs failed to exhaust their administrative remedies; and (3) PMC is protected by statutory immunity. (Doc. 19, pp. 13-20.)
As to the first two arguments, the Court's finding above-that PMC did not offer Plaintiffs a hearing in conformity *1161 with the Bylaws when it denied Plaintiffs' reappointment applications-beyond supporting a plausible PDP Claim, also supports Plaintiffs' Bylaws Claim. (See supra Part III.A; see also Doc. 42, pp. 3-8 (PI Order describing Bylaws' reappointment process and process awarded to Plaintiffs), id. at 13-15 (finding PMC did not follow Bylaws' process in Denial).) By alleging that PMC strayed from the Bylaws' outlined procedures in considering and denying Plaintiffs' reappointment applications-which included not offering Plaintiffs adequate procedures-Plaintiffs have adequately stated a claim for breach of the Bylaws. (See Doc. 1, ¶¶ 15-33.) So the Court rejects PMC's first two arguments.
Third, PMC claims that the Bylaws Claim is barred by statutory immunity under Fla. Stat. § 395.0191(7), which provides:
There shall be no monetary liability on the part of, and no cause of action for injunctive relief or damages shall arise against, any licensed facility, its governing board or governing board members, medical staff, or disciplinary board or against its agents, investigators, witnesses, or employees, or against any other person, for any action arising out of or related to carrying out the provisions of this section, absent intentional fraud.
This "immunizes [any] hospital against any action for monetary or injunctive relief if it arises out of, or is related to, the appointment or reappointment process absent intentional fraud." Lawnwood Med. Ctr., Inc. v. Desai , 54 So.3d 1027, 1031 (Fla. 4th DCA 2011). "To avoid the immunity protection, the statute 'places a burden on the plaintiff to plead extrinsic evidence before authorizing a lawsuit in which such evidence could be discovered.' " Id. at 1030 (quoting Dhaduvai v. Belsito , 663 So.2d 1356, 1357 (Fla. 2d DCA 1995) ). "And, like any allegation of fraud, it must be pled with particularity." Id.
Here, PMC claims immunity applies because Plaintiffs failed to meet their burden of pleading intentional fraud. (Doc. 19, p. 19.) Yet a review of the Complaint belies this argument. Indeed, Plaintiffs allege two instances of intentional fraud by PMC's CEO George Miktarian, Jr. in connection with their Reappointment Applications: (1) when PMC's Board reviewed Plaintiffs' applications; and (2) when the Medical Executive Committee ("MEC ") reviewed the applications. (Doc. 1, ¶¶ 25-31.)
First, Plaintiffs allege that "during a meeting of the Board on December 4, 2017, Mr. Miktarian submitted false charges to the Board that [PMC] had made numerous requests of [Plaintiffs] to provide [PMC] with information concerning the treatment of their cancer patients ..., and [Plaintiffs] had refused to comply with the requests [PMC] had made to them." (Id. ¶ 25.) As to extrinsic evidence, Plaintiffs plead that the "minutes from the December 4, 2017 meeting of the Board confirm that, "Mr. Miktarian disseminated [to the Board] a memorandum documenting the attempts to retrieve the information, as well as a draft letter to each physician requesting the information yet again." (Id. ¶ 26 (alteration and emphasis in original).) Plaintiffs allege that Mr. Miktarian's memorandum contained representations that "are demonstrably false," but that "[PMC], through Mr. Miktarian, made these false representations with the intent that the Board would rely on the false representations to reject the MEC's November 21, 2017 recommendation that all of [Plaintiffs'] staff privileges be renewed, and instead deny [Plaintiffs'] renewal of their staff privileges at PMC based upon these false representations." (Id. ¶ 28.) With this, Plaintiffs allege that "[t]he *1162 Board did rely on these false representations when it denied renewal of [Plaintiffs'] staff privileges by a Board vote on January 8, 2018." (Id. )
Second, Plaintiffs claim that PMC also committed intentional fraud through Miktarian when he "intentionally misinformed the MEC at its meeting on December 19, 2017, that '[t]here has been non-compliance with numerous requests for clinical data' made to [Plaintiffs], which, again, was intentionally falsely represented to the MEC to induce its members to adopt a 'motion to support the Board recommendation regarding [Plaintiffs] that would deny [Plaintiffs'] reappointment." (Id. ¶ 29 (first alteration in original).) According to Plaintiffs, both times, Mr. Miktarian "made his false representations about [Plaintiffs] with malice," as defined by the Bylaws. (Id. ¶ 30.)
On review, the Court finds that Plaintiffs "specifically allege ... 'intentional fraud' sufficient to overcome the immunity provided by the statute." See Lawnwood Med. Ctr. , 54 So.3d at 1030. Thus, at this pleading stage, the Court finds that PMC is not entitled to statutory immunity, and Plaintiffs' Bylaws Claim may proceed. Indeed, PMC's arguments attacking the veracity of Plaintiffs' allegations are best left to later proceedings. (See Doc. 19, pp. 18-19.) So the Motion is due to be denied for this claim, too.
IV. CONCLUSION
Accordingly, it is ORDERED AND ADJUDGED that Defendant North Brevard County Hospital District's Motion to Dismiss Plaintiffs' Complaint (Doc. 19) is DENIED .
DONE AND ORDERED in Chambers in Orlando, Florida, on July 2, 2018.

"Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc. , 487 F.3d 1340, 1345 (11th Cir. 2007)

The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. Bonner v. City of Prichard , 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

PMC does not challenge the second element of state action, and the Court finds that this element is met as Plaintiffs allege PMC is a public hospital acting under color of state law. (See Doc. 1, ¶ 49.)